

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 14, 2019

<u>**VIA ECF**</u>

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States</u> v. <u>Kelvin Torres</u>, 18 Cr. 367 (NRB)

Dear Judge Buchwald:

The defendant in the above-captioned case is scheduled to be sentenced on March 19, 2019 at 2:45 p.m.  The Government respectfully submits this letter in connection with sentencing and in response to the defendant's submission, dated January 28, 2019 ("Def. Mem.").  The applicable United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range is 70 to 87 months' imprisonment (the "Guidelines Range").  For the reasons set forth below, the Government submits that a sentence within the Guidelines Range is appropriate in this case.

**I.     Offense Conduct**

On February 18, 2018, the Drug Enforcement Administration ("DEA") received information that a confidential source had arranged to pick up a large quantity of heroin from two men at a hotel in Manhattan.  DEA agents went to the hotel and approached the defendant and his co-conspirator, Francisco Arvizu.  Both men were holding suitcases.  The agents identified themselves and asked for consent to search the suitcase.  Both men agreed, and the agents found what appeared to be a two-kilogram package of heroin in the suitcase Torres was holding.  Subsequent lab reports showed that the substance was, in fact, heroin, and weighed 1.695 kilograms.  PSR ¶¶ 8-10.

After being advised of his *Miranda* rights, Torres admitted that he had brought the suitcase from Tucson, Arizona to New York the day before.  His co-conspirator, Arvizu, was also interviewed, and admitted that he had flown to New York from Tucson the day before Torres and brought a second suitcase that also contained narcotics, which had already been sold.  PSR ¶¶ 12-13.

**II.    Procedural History**

The defendant and his co-conspirator were charged by complaint on February 20, 2018 with one count of conspiracy to distribute and possess with intent to distribute narcotics in violation

of Title 21, United States Code, Sections 846, 841(a), and 841(b)(1)(A).  On May 23, 2018, a one-count indictment was filed charging both men with the same offense.

On July 18, 2018, the defendant pled guilty to the Indictment pursuant to a plea agreement. In the plea agreement, the Government calculated a Guidelines Range of 70 to 87 months' imprisonment.  Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(4), because the offense involved a quantity of heroin that was greater than three kilograms but less than ten kilograms, the base offense level is 32.  Because the defendant appears to meet the criteria set forth in subdivisions (1)-(5) of U.S.S.G. § 5C1.2(a), the offense level is reduced by two levels.  The offense level is reduced by another three levels because of the defendant's timely acceptance of responsibility, resulting in a total offense level of 27.  With a criminal history category of I, the Guidelines Range is 70 to 87 months' imprisonment.  The Probation Office and defendant agree with this calculation.

Prior to entering his plea, the defendant had participated in a "safety-valve" proffer with the Government to determine whether he appeared to satisfy the conditions set forth in Title 18, United States Code, Section 3553(f) for relief from the statutory minimum sentence provision. Certain information provided in that proffer was used to calculate the drug quantity in the Guidelines calculation set forth in the plea agreement.  In December 2018, after the defendant entered his guilty plea, Congress passed the First Step Act, which limited the use of proffer statements to enhance a defendant's sentence.  The Government accordingly asks that the Court disregard the drug weight set forth in the plea agreement and in paragraphs 5(b) and 14 of the PSR, and instead use a drug weight of 3.2 kilograms, based on the information available to the Government prior to the defendant's proffer.[1]  This reduction in drug weight does not affect the Guidelines calculation, because 3.2 kilograms of heroin and 8 kilograms of heroin both result in a base offense level of 32.  The Government also respectfully requests that, even apart from the Guidelines calculation, the Court not consider the proffer-derived information in paragraphs 5(b) and 14 and on page 18 of the PSR.

The Probation Office is recommending a sentence of 70 months' imprisonment.  The defendant is requesting a below-Guidelines sentence of time served.  In his submission, the defendant contends that a below-Guidelines sentence of no jail time is appropriate because, among other things, the defendant is young and has a supportive family network.

## III.   Discussion

### A.  Applicable Law

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v.

---

[1] The defendant was arrested with a suitcase that contained what appeared to be a 2-kilogram package of heroin.  Without the packaging, the actual heroin weighed 1.695 kilograms.  The defendant's co-conspirator admitted, in his post-arrest interview, that he had flown to New York with a second suitcase of drugs the day before, which drugs had already been sold.  It is reasonable to estimate the weight of that first delivery of heroin as the same as the second delivery, for a total drug quantity of just over 3.2 kilograms.

*Crosby*, 397 F.3d 103 (2d Cir. 2005).   Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 596.   After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law.  *Id.* & n.6.   Those factors make a Guidelines sentence appropriate in this case.

## B.  A Guidelines Sentence Is Appropriate In This Case

The 18 U.S.C. § 3553(a) factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant and others who are similarly situated, and to promote respect for the law.  18 U.S.C. § 3553(a)(2)(A)-(C).   These considerations weigh in favor of a sentence within the Guidelines Range.

*First*, a sentence within the Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct.  The defendant conspired with another person to distribute a significant quantity of heroin, which is a very dangerous drug.  He flew the drugs across country, from Arizona to New York.  He and his co-conspirator were then planning to sell the drugs for a significant amount of money.  The defendant was at least high enough in the organization that he could be trusted to transport a large amount of extremely valuable narcotics across the country on his own.  The defendant's conduct is serious and harmful to the community, as he played a part in perpetuating the opioid crisis and spreading dangerous, deadly drugs onto the streets of New York.

*Second*, a sentence within the Guidelines Range is necessary to promote respect for the law and to deter this defendant and others who are similarly situated from participating in drug trafficking.  While the defendant has a relatively minor criminal history, including a short period of incarceration for driving under the influence, at the young age of 25 the defendant is already involved in serious narcotics trafficking.  It is critical that the defendant's sentence make plain that there are substantial consequences to playing any role in the distribution of heroin, especially when the crime involves multiple kilograms.  A substantial period of incarceration is necessary to send the message to both the defendant and others similarly situated that participants and potential participants in drug trafficking that significant consequences await if and when they are caught dealing in large quantities of narcotics.

In recommending a Guidelines sentence, the Government has considered the factors set forth in the defendant's submission, including the defendant's background and character.  But the defendant reports to have had a good childhood with supportive family members and a number of opportunities along the way.  Rather than taking advantage of the opportunities he had been given, he resorted to illegal activity.  He appears to have been motivated by simple greed, combined with a lack of concern about the consequences his actions would have for the community.

In sum, a sentence within the Guidelines Range adequately would balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

**IV.      Conclusion**

      For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 70 to 87 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                    Respectfully submitted,

                                    GEOFFREY S. BERMAN
                                    United States Attorney

By:    ___/s/_____
        Adam S. Hobson
        Assistant United States Attorneys
        (212) 637-2484

cc: Peter Brill, Esq. (via ECF)